UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTIN PETTIT and LEONARD RANDOLPH, | CIVIL COMPLAINT |
| Plaintiffs, | |
| v. | CASE NO. 1:19-CV-1298 |
| HALSTED FINANCIAL SERVICES, LLC, | |
| | **JURY DEMAND** |
| Defendant. | |

## COMPLAINT

Now comes KRISTIN PETTIT ("Pettit") and LEONARD RANDOLPH ("Randolph") (collectively as "Plaintiffs") complaining as to the conduct of HALSTED FINANCIAL SERVICES, LLC, ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq*. Plaintiffs further bring this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a), to have this Court declare that Defendant violated Buffalo Municipal Code § 140-9.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States.

[ 1 ]

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as a substantial portion of the events giving rise to the claims occurred within this District.

## PARTIES

4. Pettit is a natural person residing in the State of New York.

5. Randolph is a natural person residing in the State of New York.

6. Defendant is a third-party debt collector headquartered in Illinois that regularly collects upon consumers in New York.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## COMMON FACTS RELATING TO ALL PLAINTIFFS

8. Plaintiffs took out loans for personal (not business) purposes.

9. Earlier this year, Plaintiffs began receiving calls from Defendant in connection with collecting the purported debts.

10. Upon information and belief, the purpose of Defendant's unlawful conduct during the calls to Plaintiffs, as set forth below, was harass Plaintiffs into paying the purported debts.

## FACTS RELATING TO INDIVIDUAL PLAINTIFFS

11. With respect to Pettit, Defendant threatened Pettit, stating that Defendant would only give Pettit four months to pay the purported debt or Defendant would sue Plaintiff.

12.     With respect to Pettit, on information and belief, Defendant does not have the legal authority to sue Plaintiff. In the alternative, Defendant does not actually intend to sue Plaintiff.

13.     With respect to Pettit, Defendant used profanity during Defendant's conversation with Plaintiff.  Specifically, Defendant told Plaintiff, "we're not talking about my FUCKING income, we're talking about yours."

14.     With respect to Randolph, Randolph requested that Defendant cease and desist harassing him with phone calls, particularly when Plaintiff was at work.

15.     With respect to Randolph, this constitutes express withdraw of any purported consent by Randolph to be contacted by Defendant.

16.     With respect to Randolph, Defendant continued to harass Randolph with further calls to Randolph's phone, including while Plaintiff was at work.

### COUNT I — VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

17.     Plaintiffs reallege the paragraphs above as though fully set forth herein.

18.     Plaintiffs are "consumer[s]" as defined by 15 U.S.C. § 1692a(3) of the FDCPA, or, in the alternative, they are persons with "injurious exposure" to conduct violating § 1692e of the FDCPA.

19.     Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

20. In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

21. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, default debts owed, due, or asserted to be owed or due to others.

22. The subject debt is a "debt" as defined by FDCPA § 1692a(5) because the debt owed or due or asserted to be owed or due to another arises out of a transaction for personal, family, or household purposes, being in this case payday loans used for personal purposes.

23. Defendant's actions violated, with respect to all Plaintiffs:

    a. § 1692e generally because Defendant made false, deceptive, and misleading representations or means in connection with the collection of a debt; and

    b. § 1692e(10) because Defendant used deceptive means to attempt to collect a debt.

24. Defendant's actions further violated:

    a. With respect to Randolph, § 1692c(a) because Defendant communicated with Randolph at a time or place known to be inconvenient to Randolph;

    b. With respect to Pettit, § 1692d because Defendant used obscene or profane language to abuse Pettit; and

    **c.** With respect to Pettit, § 1692e(5) because Defendant threatened to give Pettit four months to pay the purported debt, which, upon information and belief, Defendant cannot legally take this action, or, in the alternative, Defendant does not intend to take this action.

**COUNT II — DECLARATORY JUDGMENT ACT**

25. Plaintiffs reallege the paragraphs above as though fully set forth herein.

26. Pursuant to 28 U.S.C. §§ 2201(a), where there is an "actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

27. Here, there is an actual controversy between Plaintiffs and Defendant as to whether Defendant violated Buffalo, New York, Municipal Code § 140-9.

28. Buffalo, New York, Municipal Code § 140-9 states that "Every applicant for a collection agency license . . . shall deposit with the Commissioner of Permit and Inspection . . . a bond in the penal sum of $5,000."

29. Further, Buffalo, New York, Municipal Code § 140-9 states that collection agencies "shall pay all damages occasioned to any person by reason of any misstatement, misrepresentation, fraud, or deceit or any unlawful act or omission."

30. Plaintiffs seek a declaratory judgment that Defendant committed a misstatement, misrepresentation, fraud, or deceit or any unlawful act or omission as laid out in the preceding counts.

31. If Defendant is found to have committed such acts, Plaintiffs will be entitled to recoup Plaintiffs damages out of the $5,000 bond that Defendant is required to maintain under Buffalo, New York, Municipal Code § 140-9.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment as follows:

    a. Awarding Plaintiffs statutory damages of $1,000.00 each, as provided under 15 U.S.C. § 1692k(a)(2)(A);

    b. Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    c. Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

    d. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law, including specifically, Buffalo, New York, Municipal Code § 140-9; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated: September 23, 2019

By: s/ Jonathan Hilton
Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com
